08-0671-ag(L); 08-2372-ag(Con)
Ditren v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED. IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of December, two thousand nine.

PRESENT: DENNIS JACOBS,
                  **Chief Judge**,
    WILFRED FEINBERG,
    ROBERT A. KATZMANN,
                  **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - - - -X

VIRGILIO DITREN,
    **Petitioner**,

    -v.-                          08-0671-ag(L)
                                   08-2372-ag(Con)

ERIC H. HOLDER, JR.,[*] Attorney General of the United States of America,
    **Respondent**.
- - - - - - - - - - - - - - - - - - - - - -X

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Holder is automatically substituted for former Attorney General Michael Mukasey.

1

**APPEARING FOR PETITIONER:** ALISA WELLEK (Alina Das, Matthew Davis, and Sara Johnson, on the brief), Immigrant Rights Clinic, New York, New York; GEORGE TEREZAKIS, Mineola, New York.

**APPEARING FOR RESPONDENT:** JAMES E. GRIMES (Tony West and Linda Wernery, on the brief) Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

**FOR AMICI CURIAE:** Daniel A. McLaughlin and Corban S. Rhodes, Sidley Austin LLP, New York, New York; Richard D. Willstatter, National Association of Criminal Defense Lawyers, New York State Association of Criminal Defense Lawyers, and Green & Willstatter, White Plains, New York, for amici curiae National Association of Criminal Defense Lawyers and New York State Association of Criminal Defense Lawyers, in support of Petitioner.

Petition for review of a final order of removal from the Board of Immigration Appeals.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition be **GRANTED** and the matter **REMANDED**.

Virgilio Ditren petitions for review of a final order of removal of the Board of Immigration Appeals ("BIA"). Ditren and the government agree that the current BIA opinions are insufficient as a matter of law. Ditren asks us to terminate the proceedings against him; the government seeks remand. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The principal issue in this petition is whether the government has proven that Ditren was "convicted"--of the offense to which he pled guilty--within the meaning of section 1101(a)(48)(A) of the Immigration and Nationality Act ("INA"). See 8 U.S.C. § 1101(a)(48)(A). As this Court made clear in Puello v. Bureau of Citizenship & Immigration Servs., 511 F.3d 324, 328-29 (2d Cir. 2007), there are two "prongs" to the INA's definition of "conviction," either of which are sufficient to warrant removal.

A prong one conviction occurs when "a formal judgment of guilt of the alien [has been] entered by a court." 8 U.S.C. § 1101(a)(48). This, in turn, "refers to the date on which judgment is entered on the docket, not the date on which a court accepts a guilty plea." Puello, 511 F.3d at 331. A prong two conviction occurs when: (1) "adjudication of guilt has been withheld," (2) "a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt," and (3) "the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed." 8 U.S.C. § 1101(a)(48)(A).

[1] It is clear that the record cannot support a prong one conviction. The only relevant documents at issue are a Certificate of Disposition Indictment ("CDI"), a Certificate of Disposition Dismissal ("CDD"), and a letter from Judge Gubbay of the New York Supreme Court. Although the BIA declined to consider Judge Gubbay's letter in its two opinions, we conclude that even consideration of that letter cannot prove a prong one conviction.

[2] As to prong two, we are unable to review with confidence the BIA's decision because, although the BIA ostensibly declined to rely on Judge Gubbay's letter, it relied on information contained in that letter in its prong-two analysis. We therefore remand this matter to the BIA for it to answer some or all of the following:

- Is Judge Gubbay's letter admissible?
- If so, does the combination of the CDI, the CDD, and Judge Gubbay's letter support a finding of a prong two conviction?

- If Judge Gubbay's letter is not admissible, do the CDI and the CDD support a finding of a prong two conviction?
- In either event, was there a prong two conviction?

In answering this last question, the BIA will need to decide whether participation in drug treatment under threat of incarceration constitutes the imposition of a judicial "order[] [of] some form of punishment, penalty, or restraint on the alien's liberty." See 8 U.S.C. § 1101(a)(48). We note that, at oral argument, counsel for petitioner indicated that on remand a letter could be sent to the BIA bringing to its attention the briefing of the amicus curiae.

Finding no merit in Ditren's remaining arguments, we hereby **GRANT** the petition and **REMAND** the matter to the BIA for proceedings consistent with this order.

                          FOR THE COURT:
                          CATHERINE O'HAGAN WOLFE, CLERK

                          By:_____

4